**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MAURICE DEANTHONY STEELE,       )
                                )
        Petitioner,              )
                                )
        v.                       )           1:12CR368-1
                                )           1:13CV1049
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 41 months and a supervised release term of three years, following his guilty plea to possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). (Docket Entry 15; see also Docket Entry 1 (Indictment); Docket Entry 11 (Plea Agreement); Docket Entry dated Jan. 9, 2013 (documenting guilty plea); Docket Entry dated May 17, 2013 (documenting sentencing); Docket Entry 22 (Sent'g Hrg. Tr.).)[1] Petitioner did not give notice of appeal. (See Docket Entry 17, ¶ 8; see also Docket Entries dated May 17, 2013, to present.) He did, however, timely file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Entry 17.) The United States responded (Docket Entry 23) and, despite notice of his right to reply (Docket Entry 24), Petitioner filed no reply (see Docket Entries dated Mar. 20, 2014, to present). The Court should deny relief as to all claims in Petitioner's Section 2255 Motion, except the claim within Ground Three that his counsel provided constitutionally ineffective assistance by failing to appeal, as to which claim the Court should defer adjudication pending an evidentiary hearing.

Petitioner's Section 2255 Motion asserts four grounds for relief (the third of which contains multiple claims):

1) "Criminal Catergory [sic] Miscalculated," i.e., Petitioner should have qualified for Criminal History Category I under the Sentencing Guidelines (Docket Entry 17, ¶ 12(Ground One));[2]

2) "Crack Disparity," i.e., Petitioner's counsel should have asked the Court to impose the sentencing provisions applicable to cocaine hydrochloride rather than the sentencing provisions applicable to cocaine base (id., ¶ 12(Ground Two));

3) "Ineffective Assistance of Counsel," i.e., Petitioner's counsel (A) "misinformed [Petitioner] about [the] disparity in cocaine base verse [sic] cocaine [hydrochloride]," (B) failed to argue that Petitioner qualified for Criminal History Category I and

---

[2] For ease of reading, this Memorandum Opinion uses standard capitalization conventions in quotations from Petitioner's filings, even when the original text does not follow such conventions.

2

to address Petitioner's "offense level," (C) "never informed [Petitioner] of the probation [he] received," (D) failed to act on Petitioner's report that he "qualif[ied] for [the] safety valve," and (E) failed to notice an appeal despite Petitioner "ask[ing] [counsel] to put in a direct appeal" (id., ¶ 12(Ground Three)); and

4) "Minor Role Should Be Simple Possession," i.e., Petitioner "was a user and use [sic] it to obtain drugs for use" (id., ¶ 12(Ground Four)).

As to Ground One, Petitioner has provided no facts or argument to support the position that he qualified for Criminal History Category I (rather than Criminal History Category II, which the Court (per Judge Beaty) found applicable at sentencing (see Docket Entry 22 at 3, 12)). (See Docket Entry 17, ¶ 12(Ground One).) Accordingly, Ground One is "vague, conclusory, speculative, and unsupported and fails for all of these reasons." Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant

3

an evidentiary hearing, much less relief.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).").

As to Ground Two, Petitioner has stated: "I asked my lawyer to argue for the 1 to 1 ratio concerning cocaine base. He never did." (Docket Entry 17, ¶ 12(Ground Two).) In fact, at Petitioner's sentencing hearing, his counsel argued as follows: "I will note as a basis for either a low-end sentence or perhaps a variance that had this been – this is the old crack/powder disparity situation where had this been powder cocaine . . . instead of a 41 to 51 month range, [Petitioner] would be at a 10- to 16-month range." (Docket Entry 22 at 5-6.)[3] In other words, the record directly refutes Petitioner's allegations as to Ground Two and the Court, therefore, should deny relief.

As to Ground Three, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687–94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

---

[3] The Court (per Judge Beaty) ultimately declined to vary downward, but did impose a sentence at the lowest end of the advisory Guidelines range. (Docket Entry 22 at 12-13.)

4

In the face of that high bar, Ground Three first asserts that "[Petitioner's] lawyer misinformed [him] about [the] disparity in cocaine base verse [sic] cocaine [hydrochloride]." (Docket Entry 17, ¶ 12(Ground Three).) Petitioner has offered nothing further on this point. (See id.) As a result, he has not established that any unidentified misinformation from his counsel about the cocaine base/cocaine hydrochloride sentencing disparity negatively affected the outcome of the case. In particular, where (as here) a defendant pleads guilty and later complains of bad advice, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has made no such showing. (See Docket Entry 17, ¶ 12(Ground Three).) To the contrary, "Petitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis." Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.).

Next, Ground Three states "my criminal catergory [sic] was never argued. The offense level as well." (Docket Entry 17, ¶ 12(Ground Three).) In fact, the record reflects that Petitioner's counsel "filed one objection concerning one criminal

history point.  The Government [then] filed a pleading in which they agree[d] that that point could be released and not counted." (Docket Entry 22 at 3.)  That successful action lowered Petitioner "down one criminal history category."  (Id.; see also id. at 12 ("[T]he Court has noted with respect to an objection filed by [Petitioner] that one criminal history point . . . should not be counted, which resulted in a criminal history category of II as opposed to III as contained in the presentence report.").) Further, as discussed in connection with Ground Two, Petitioner's counsel argued for leniency because, had the case involved cocaine hydrochloride rather than cocaine base, a lower offense level would have applied.  Moreover, for reasons outlined below in the discussion of Ground Four, Petitioner has not shown that his counsel should have sought (or that Petitioner could have received) a minor role adjustment under U.S.S.G. § 3B1.2(b).  Lastly, to the extent this portion of Ground Three contends Petitioner's counsel should have raised any other argument regarding criminal history or offense level calculations under the Guidelines, it is "vague, conclusory, speculative, and unsupported and fails for all of these reasons."  Cabrera, 2014 WL 6386902, at *9.[4]

---

[4] Because Petitioner fell within Criminal History Category II (which requires more than one criminal history point, see U.S.S.G. Ch. 5, Pt. A), he did not qualify for the safety valve, see U.S.S.G. § 5C1.2(a)(1).  Although Petitioner has asserted that he "told [his counsel] that he qualif[ied] for the safety valve"
(continued...)

6

Ground Three also states that counsel "never informed [Petitioner] of the probation [he] received." (Docket Entry 17, ¶ 12(Ground Three).) Petitioner, however, received an active sentence, not probation. (See Docket Entry 22 at 13.) If this part of Ground Three refers to the three-year supervised release term that will follow Petitioner's imprisonment, he again has not shown that any misadvice adversely impacted the outcome of his case or that he would have gone to trial if properly advised. (See Docket Entry 17, ¶ 12(Ground Three).)[5] Accordingly, like the first claim within Ground Three (concerning alleged misinformation regarding the disparate sentencing treatment of cocaine base and cocaine hydrochloride), this aspect of Ground Three falls short. See, e.g., Hill, 474 U.S. at 59; Cano, 2009 WL 3526564, at *3.

As a final matter (in regards to Ground Three), Petitioner has averred that he "asked [his counsel] to put in a direct appeal." (Docket Entry 17, ¶ 12(Ground Three); see also id., ¶ 13 ("My

---

[4](...continued)
(Docket Entry 17, ¶ 12(Ground Three)) and has suggested that his counsel acted ineffectively by failing to pursue that contention (see id.), Petitioner has not offered any factual or legal basis for the Court to find that he should have received but one criminal history point (see id.). Accordingly, the safety-valve-related element of Ground Three fails as a matter of law. See Cabrera, 2014 WL 6386902, at *9; Whitley, 2014 WL 4443295, at *6 n.1.

[5] Additionally, in his Plea Agreement, Petitioner acknowledged that "[a]ny sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment." (Docket Entry 11, ¶ 2.a.)

7

lawyer was told to appeal . . . .").) "Once [a federal criminal defendant] unequivocally instruct[s] his attorney to file a timely notice of appeal, his attorney [i]s under an obligation to do so." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Petitioner's counsel has sworn by affidavit that "[Petitioner] never requested that [counsel] file a notice of appeal." (Docket Entry 23, Ex. A at 5.) Accordingly, resolution of this claim requires an evidentiary hearing because "[t]he record in this case sets up a classic factual dispute." Gordon v. Braxton, ___ F.3d ___, ___, 2015 WL 877422, at *4 (4th Cir. 2015).[6]

As to Ground Four, Petitioner's Section 2255 Motion appears to contend that he should have received a two-level downward adjustment for a "minor" role under U.S.S.G. § 3B1.2(b). (See Docket Entry 17, ¶ 12(Ground Four).) To the extent Petitioner has

---

[6] Petitioner qualified for court-appointed counsel at the inception of his underlying criminal case (see Docket Entry 3), went into custody upon imposition of sentence (see Docket Entry 22 at 15), and has remained incarcerated since that time (see Docket Entries dated May, 17, 2013, to present (reflecting no change in Petitioner's custodial status)), circumstances that warrant an inference of current indigency, see Heidelberg v. Ephraim, No. 79C1110, 1987 WL 6616, at *1 n.1 (N.D. Ill. Feb. 9, 1987) (unpublished); as a result, Petitioner possesses the right to appointed counsel at any evidentiary hearing, see Rule 8(c), Rules Governing § 2255 Proceedings.

8

alleged that he engaged in the mere "simple possession" of cocaine base (see id.), the record shows otherwise, in that (as documented above) he pleaded guilty to the charge of "possess[ing] <u>with intent to distribute</u> 25.13 grams (net weight) of a mixture and substance containing a detectable amount of cocaine base . . . in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)" (Docket Entry 1 at 1 (emphasis added); see also Docket Entry 22 at 11 ("THE COURT: And, Mr. Steele, are you in fact guilty of the charge in Count One of possession <u>with intent to distribute</u> cocaine base -- 25.13 grams of cocaine base, crack? THE DEFENDANT: Yes, sir." (emphasis added)).)[7] Moreover, at his sentencing hearing, Petitioner (through his counsel) reported use only of marijuana (not cocaine base). (Docket Entry 22 at 8.)

If Ground Four relies on the contention that Petitioner distributed cocaine base in order to support his marijuana habit (see Docket Entry 17, ¶ 12(Ground Four) ("I was a user and use [sic] it to obtain drugs for use.")), that contention does not qualify Petitioner for a minor role adjustment, because he has not shown that others participated in the instant offense conduct, much less that they did so at a higher level of culpability than did he.

---

[7] Consistent with that plea, courts have recognized that the quantity of cocaine base possessed by Petitioner constitutes a distribution amount. See, e.g., United States v. Mitchell, 166 F.3d 748, 750, 753 (5th Cir. 1999) (describing "approximately 24 grams of crack cocaine" as "a distribution quantity").

9

See U.S.S.G. § 3B1.2, cmt. n.2 ("This guideline is not applicable unless more than one participant was involved in the offense."), n.5 (providing that minor role adjustment applies only where the defendant "is less culpable than most other participants"); see also U.S.S.G. §§ 3B1.1, cmt. n.1 ("A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted."), 3B1.2, cmt. n.1 ("For purposes of this guideline, 'participant' has the meaning given that term in Application Note 1 of § 3B1.1 (Aggravating Role)."); United States v. Pratt, 239 F.3d 640, 645 (4th Cir. 2001) ("A defendant has the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing.").[8]  In sum, Ground Four lacks merit.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 17) be denied without issuance of certificate of appealability, except as to the failure-to-appeal claim within Ground Three, resolution of which should be deferred pending an evidentiary hearing.

**IT IS ORDERED** that the parties shall appear for an evidentiary hearing on the failure-to-appeal claim within Ground Three of Petitioner's Section 2255 Motion at 2:30 p.m. on June 30, 2015, in

---

[8] The Factual Basis filed in support of Petitioner's guilty plea does not identify any other participants in the underlying offense conduct. (See Docket Entry 10.)

Courtroom 1A of the L. Richardson Preyer United States Courthouse, Greensboro, North Carolina. Said hearing is subject to cancellation or rescheduling if the assigned District Judge determines that it need not proceed or that the undersigned Magistrate Judge should not conduct it. The United States shall take appropriate steps to secure Petitioner's presence at the scheduled hearing.

**IT IS FURTHER ORDERED** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, counsel shall be appointed to represent Petitioner on the failure-to-appeal claim within Ground Three of his Section 2255 Motion.

                              /s/ L. Patrick Auld
                         **L. Patrick Auld**
                    **United States Magistrate Judge**
March 12, 2015